BROOKS v. EIGHMEY.

1. **Taxes:** LEVIED AFTER ASSIGNMENT: MORTGAGE. As between an assignee for the benefit of creditors and the holder of a mortgage upon the real estate of the assignor, taxes levied after the assignment upon property not covered by the mortgage should be paid by the assignee, from the funds in his hands.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 7.

IN the year 1876 Ambrose Gleed made an assignment of all his property for the benefit of his creditors, to the appellant. Before the assignment he had executed a mortgage to the plaintiff Brooks upon certain of his real estate. Brooks foreclosed his mortgage, which amounted to over $3,000, and in February, 1875, the mortgaged property was sold on special execution for $5,500, Brooks being the purchaser.

After the assignment of the property to Eighmey the taxes thereon were levied for the year 1876, and became a

lien upon the mortgaged property.' A large portion of said taxes were upon the personal estate of said Gleed, which was turned over to Eighmey in pursuance of the assignment. The said taxes were not paid, and in November, 1877, the real estate mortgaged to Brooks was sold at tax sale for all of the taxes, both upon the real and personal estate.

Brooks made application in the court below, where the matter of the assignment was pending, to require the assignee to redeem from the tax sales. It was ordered that the assignee pay the taxes on the personal property for the year 1876, amounting to $656.72. From this order defendant appeals.

*Cooley & Rood,* for appellant.

*De Witt C. Cram,* for appellee.

ROTHROCK, J.—In the application made to the court below Brooks sought an order compelling the assignee to redeem from

1. TAXES: levied after assignment: mortgage.

the tax sale. Afterward, and, as we understand it, pending the application for an order, Brooks redeemed from the tax sales. The order finally made required the assignee to pay to Brooks the amount of the tax on the personal property, with interest at six per cent per annum.

It does not appear that any claim was made for the taxes in the foreclosure proceeding, nor that the decree made any provision for the payment thereof from the proceeds of the sale of the mortgaged property. The court denied the right of Brooks to recover for the taxes upon the real estate.

We are required to determine whether the taxes upon the personalty, as between Brooks and the assignee, should be paid by the latter. The record before us shows that the tax was levied after the assignment of the property. There is some question in our minds whether this was correct, but we must take the record as we find it. There can be no doubt that taxes levied upon the property after the assignment should be paid by the assignee, and that they are a preferred claim.

By section 1 of chapter 14, Acts of the Sixteenth General Assembly, it is provided that in all assignments of property for the benefit of creditors assessments of taxes shall be entitled to priority, and shall be first paid in full. Of course it must be understood that the payment is to be made from the proceeds of the property in the hands of the assignee.

It is true that taxes due from any person upon personal property is by statute made a lien upon any real property owned by such person. Code, § 865. But even if the title to the property had been in Gleed when the tax was levied, the fact that the personal property tax was a lien upon the real estate did not absolve Gleed from its payment, as between him and his mortgagee. However that may be, this tax having been levied after the assignment was made, it was a charge upon the property in the hands of the assignee, and we think the court correctly held that it should be paid by the assignee, especially as it does not appear that any provision was made for its payment by the decree of foreclosure.

AFFIRMED.